Eastern District.
*May*, 1830.

FERNANDEZ
*vs.*
SILVA & AL.

vessel to seizure and condemnation.

---

*PATRON vs. SILVA & AL.*

A shipper cannot demand the delivery of his goods, if the landing of them would expose the vessel to seizure.

APPEAL from the court of the parish and city of New-Orleans.

This case and the three succeeding ones, differ from that immediately preceding in only one fact, viz. that the plaintiffs were the owners of the prohibited goods. The petition also contained an averment, that not being able to enter Tampico, the vessel proceeded to New-Orleans, agreeably to a written contract, entered into between the captain, owner, and freighters of said vessel. There was judgment for the plaintiff in the court below, and the defendants apppealed.

*Dennis*, for appellant.
*Pitot*, for appellee.

PORTER, J. delivered the opinion of the court. This case differs from that just decided between Fernandez and the same defendants, in the important fact, that the goods of the plaintiff were those which, according to the laws of the United States, could not be landed within their limits without exposing them, and the vessel which brought them, to seizure and condemnation.

The petition contains an express averment, that on arriving off Tampico, the petitioner and the defendants agreed to come to the port of New-Orleans, agreeably to a written contract passed between the parties. That contract has been produced in evidence, and it appears, that on the captain calling the freighters together, to know from them whether they would return to Havana or proceed to New-Orleans, they, and the plaintiff among the rest, answered, that it was indifferent to them whether the vessel went to the one port or the other. It is questionable, whether this proof would be sufficient in itself to shew a consent to a change of voyage; but taken with the averment of the party himself, that it was so intended, there can be no doubt that we are

compelled to consider the voyage as chang-
ed by mutual consent.   And this conclusion
renders it unnecessary to examine, whether
any evidence could destroy the effect of
the judicial confession, which the petition
contains.

The parties then stand before us in the
same situation they would do, if they had
contemplated originally a voyage from Ha-
vana to New-Orleans.   In such case, there
can be no doubt the goods could not be de-
manded here.   For if the voyage is unlaw-
ful before it is commenced, the contract of
affreightment is dissolved.   So it is, if it be-
comes unlawful after.   And there is no dif-
ference in principle, between a complete
interdiction of commerce which prevents
the vessel to enter, and a partial one in re-
lation to the merchandize on board, which
prevents it being landed.   Besides, this is
an action in damages for the non-delivery of
the goods in New-Orleans.   Now, what
damages could the plaintiff have sustained,
since the moment they were put on shore,
they would have been seized for a violation
of our revenue laws.

It will be seen, from these observations, that in our judgment the whole case turns on the authority of the captain from the plaintiff to come to this port. We have already stated the reasons, which have brought us to the conclusion that he was; and in this view of the case, the judgment of the parish court must be reversed.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be reversed, that there be judgment for defendants, and that the plaintiff pay costs in both courts.

A shipper cannot demand the delivery of his goods, if the landing of them would expose the vessel to seizure.

A shipper cannot demand the delivery of his goods, if the landing of them would expose the vessel to seizure.